Dear Senator Hinton:
In your verbal request of recent date you ask whether it is legally permissible for a city council member to concurrently hold employment with a hospital owned by the parish.
LSA-R.S. 42:63(D) of the State Dual Officeholding and Dual Employment Laws governs this arrangement, and provides in part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or a full-time appointive office, in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office . . . . (Emphasis added).
LSA-R.S. 42:62(1) states:
 (1) "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
LSA-R.S. 42:63(3) states:
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
LSA-R.S. 42:62(9) states:
 (9) "Political Subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions . . . .
A city council member holds elective office in the government of a political subdivision. The position of employment with the hospital comes within the control of the parish governing authority and as such, constitutes employment with a political subdivision of the state under LSA-R.S. 42:62(9). While LSA-R.S.42:63(D) prohibits a local elected council member from holding employment in the same political subdivision in which he holds elective office, the law permits him to hold employment in a different political subdivision. As the two positions fall within separate political subdivisions, i.e, the city and parish, the prohibition is inapplicable and the concurrent holding of these positions is permitted.
Should you have any further inquiries, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: November 7, 1995
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL